IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Xavier Walker, | ) | |
|        Plaintiff, | ) | |
| | ) | No. 20 C 7209 |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| City of Chicago, et al., | ) | |
|        Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the motion to dismiss the amended complaint as to defendants Mahoney and Brzezniak [56] is granted. The Court dismisses with prejudice the counts against Mahoney and Brzezniak alleging fabrication of evidence, unlawful pretrial detention, and conspiracy. The Court further dismisses with prejudice the claim against Mahoney alleging *Brady* violations. Because the Court is dismissing the federal claims, it declines to exercise supplemental jurisdiction over the state-law claims against Mahoney and Brzezniak; therefore, those claims are dismissed as is the indemnification claim against Cook County.

## STATEMENT

**Facts**

The underlying facts have not changed in any material way from the initial complaint and are taken from the Court's order ruling on Defendants' first motion to dismiss. Plaintiff alleges that when he was 19 years old, Chicago police officers (with the City of Chicago, the "City Defendants") beat him and fabricated evidence to obtain a false confession for murder. Plaintiff also alleges involvement by an assistant state's attorney, Thomas Mahoney, and a Cook County Sheriff's Deputy, Anthony Brzezniak (the "Cook County Defendants", collectively). After a bench trial, Plaintiff was convicted of first-degree murder and, on June 22, 2004, was sentenced to 35 years in prison. Plaintiff filed a supplementary petition for postconviction relief in 2015, asserting actual innocence. At the same time, he sought review from the Cook County State's Attorney's Conviction Integrity Unit and filed a complaint with the Torture Inquiry and Relief Commission. His conviction was vacated on July 27, 2018, and he was granted a new trial. On December 11, 2019, the Cook County State's Attorney's Office dismissed the charges against Plaintiff.

All Defendants moved to dismiss certain claims in the original complaint. After the Court granted in part and denied in part the City Defendants' motion to dismiss and granted without prejudice the Cook County Defendants' motion to dismiss, on September 21, 2021, Plaintiff filed an amended complaint alleging the following claims: Counts I and II—Fifth and Fourteenth Amendment due process violations for false confession; Count III—Fourteenth

Amendment due process violation for fabrication of evidence; Count IV—Fourteenth Amendment due process violations for failure to comply with requirements under *Brady v. Maryland*; Count V—Fourth Amendment violation for unlawful pretrial detention; Count VI—failure to intervene; Count VII—conspiracy; Count VIII—malicious prosecution; Count IX—intentional infliction of emotional distress; and Count X—indemnification. The Court indicated in ruling on the original motion to dismiss that Plaintiff, in any amended complaint, needed to specify which defendants were involved in which purported conduct. Plaintiff failed to do so. The Court has spent an inordinate amount of time attempting to make sense of Plaintiff's allegations and discern which claims are pleaded against which Defendants. Plaintiff's imprecision in pleading and his failure to comply with the Court's order requiring specificity means that he will face an uphill battle if he seeks to challenge the Court's interpretation of his claims.[1]

Mahoney and Brzezniak again move to dismiss the amended counts against them.

**Standard**

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and contain enough factual matter, accepted as true, to state a plausible claim for relief, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**Analysis**

With respect to Mahoney, Plaintiff alleges as follows:

> 6. . . . Defendant Mahoney was acting as an investigator when he conspired with Defendant Officers to coerce and fabricate false witness testimony and evidence.
> . . .
> 34. . . . Defendant Mahoney conspired with Defendant Officers and aided their framing of [Plaintiff] by locking [Maurice] Wright into a statement inculpating [Plaintiff].
> 35. Defendant Mahoney, an assistant state's attorney, knew that Wright's statement was false, as evidenced by the fact that Mahoney fabricated several details in [Wright's] eventual statement.
> 36. Furthermore, Defendant Mahoney knew Wright's statement was necessary to justify the Defendant Officers' previous, unlawful arrest of [Plaintiff].

---

[1] Plaintiff also injects unnecessary ambiguity into the briefing on the motion to dismiss by using the terms "false" and "unlawful" arrest, despite not having alleged a false arrest claim, and referring to "excessive force," even though the amended complaint does not contain an excessive force claim.

(Am. Compl., Dkt. # 54, ¶¶ 6, 34-36.)

The amended complaint alleges the following against Brzezniak:

> 12. From 19 May until the conclusion of the investigation, Defendant Brzezniak was partnered with Defendant [Officer] Pietryla.
> . . .
> 17. Defendant Brzezniak, along with Defendant Officers, filed false and misleading supplementary reports regarding sex workers' statements regarding the case.
> 18. Additionally, Defendants Sanders, Wright, Pietryla, and Brzezniak fabricated the existence of a confidential informant and filed false reports consistent therewith.
> 23. . . . Defendants Brzezniak, Pietryla, Sanders, and Wright falsely reported that [the girlfriend of an individual named Long] stated that she heard a rumor that (a) Long and [Plaintiff] committed the murder, and (b) Long refused to deny it when she confronted him.
> . . .
> 25. At approximately 11 a.m. on 27 May 2000, Defendants Pietryla, Riordan, and Brzezniak, along with other Defendant Officers, forced their way into Wright's home.
> . . .
> 33. Defendant Brzezniak was present for the entirety of Wright's official statement to ensure that he did not recant and tell the truth.
> . . .
> 43. Defendant Officers, including Defendants Wolverton, Cruz, Pietryla, and Brzezniak, also fabricated and coerced false statements from Wright's mother and foster daughters in an effort to falsely corroborate their false story.
> . . .
> 45. However, prior to Wright ever giving the statement, Xavier was falsely arrested by Defendants Brzezniak, Sanders, Wright, and Pietryla on 28 May 2000.

(Am. Compl., Dkt. # 54, ¶¶ 12, 17-18, 23, 25, 33, 43, 45.)

Plaintiff's allegations remain vague and confusing. Due to Plaintiff's continued practice of using the general term "Defendants," rather than specifically identifying the relevant defendants by name, it is up to the Court to ascertain which claims are directed against Mahoney and Brzezniak. Reading broadly the sparse facts alleged, the Court understands Plaintiff to be alleging the following claims against Mahoney: fabrication of evidence (Count III); *Brady* violations (Count IV); unlawful pretrial detention (Count V); and conspiracy (Count VII). As to Brzezniak, the Court understands Plaintiff to be alleging the following claims: fabrication of evidence (Count III); unlawful pretrial detention (Count V); and conspiracy (Count VII). Plaintiff also alleges state-law claims of malicious prosecution and intentional infliction of emotional distress and an indemnification claim against Cook County. Both Mahoney and Brzezniak move to dismiss the federal claims against them on the ground that they fail to state a

3

claim. Mahoney also argues he is entitled to absolute prosecutorial immunity. The Court first addresses the immunity issue and then moves on to address whether the amended complaint states a claim against Mahoney and Brzezniak.

Absolute Immunity. Mahoney contends that he is absolutely immune from suit for any constitutional violations stemming from his alleged questioning of Wright. "A prosecutor is absolutely immune from suit for all actions and decisions undertaken in furtherance of his prosecutorial duties." *Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012). However, "[a]bsolute immunity does not shield prosecutors from liability for actions that are not 'intimately associated with the judicial phase of the criminal process,' nor does it apply when they are performing non-prosecutorial actions, such as administrative and investigatory activities." *Knowles v. Hudson*, No. 2:18 CV 360, 2019 WL 4306364, at *3 (N.D. Ind. Sept. 11, 2019) (citation omitted). "Prosecutors do not function as advocates *before probable cause to arrest a suspect* exists," so any action undertaken during a preliminary investigation is not prosecutorial. *Fields*, 672 F.3d at 512 (emphasis added).

Plaintiff alleges that Mahoney "knew Wright's statement was necessary to justify the Defendant Officers' *previous*, unlawful arrest." (Am. Comp., Dkt. # 54, ¶ 36) (emphasis added). Mahoney's action in taking Wright's statement could not have been an attempt to secure evidence to justify Walker's arrest as he had already been arrested at the time Mahoney was allegedly interrogating Wright. Nevertheless, in response to the motion to dismiss, Plaintiff argues that "[b]ecause Mahoney was an active participant in the investigation *before there was probable cause* and, in fact, was instrumental in developing the false evidence needed to justify probable cause, he is not entitled to absolute immunity." (Pl.'s Resp., Dkt. # 64, at 4) (emphasis added). Thus, to the extent Mahoney purportedly did not just memorialize Wright's statement but actively participated in fabricating portions of the statement, which he then "fed" to Wright, Mahoney would not be entitled to absolute immunity. *See Lewis v. Mills*, 677 F.3d 324, 331 (7th Cir. 2012) ("[A] showing that a prosecutor investigated and fabricated evidence against a target would automatically defeat prosecutorial absolute immunity"). Accordingly, based on the current record, the Court cannot conclude that Mahoney is entitled to absolute immunity for his purported role in the constitutional violations against Plaintiff; therefore, the motion to dismiss based on absolute immunity is denied. *See Economan v. Cockrell*, No. 1:20-CV-32, 2020 WL 3268491, at *8 (N.D. Ind. June 16, 2020) (addressing prosecutors' motion to dismiss § 1983 claims and finding that "[i]t is too early for the Court to determine that [the defendants] are entitled to absolute immunity" because "Plaintiffs have alleged that [the defendants] actions were not intimately associated with the judicial phase of the criminal proceedings brought against them").

Nevertheless, for the reasons discussed below, the Court finds that Plaintiff fails to state a claim against Mahoney.

Due Process Fabrication of Evidence. As the Court previously stated in its order on the motion to dismiss the initial complaint, "[w]hile Plaintiff need not plead detailed facts in support of his claim, he must 'give enough details about the subject-matter of the case to present a story that holds together.'" (9/8/21 Order, Dkt. # 52, at 7 (citing *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)). Plaintiff tells no story regarding Mahoney. Plaintiff again fails to

4

allege that Mahoney was even in the room with Wright prior to his statement or identify which details of Wright's statement Mahoney purportedly fabricated. Moreover, Plaintiff does not allege that the evidence Mahoney purportedly fabricated—an undefined part of Wright's statement—was used to convict Plaintiff or deprive him of his liberty. *See Baker v. City of Chi.*, 483 F. Supp. 3d 543, 553 (N.D. Ill. 2020) ("Courts in this Circuit recognize a standalone federal due process claim for evidence fabrication—separate and apart from any malicious prosecution claim—when fabricated evidence is used to obtain a wrongful conviction or deprive a person of his liberty."). Plaintiff alleges only that Mahoney "knew Wright's statement was necessary to justify the Defendant Officers' *previous*, unlawful arrest." (Am. Comp., Dkt. # 54, ¶ 36) (emphasis added). If Plaintiff had already been arrested at the time that Wright's false statement was procured, then it could not have been used as probable cause for his arrest. As to the wrongful conviction, Plaintiff's only allegation, 30 paragraphs after discussing Mahoney, is that unspecified "[f]abricated statements and confessions, including [Plaintiff's] own, were admitted into evidence and used against [Plaintiff] at trial." (*Id*., ¶ 95.) But Plaintiff alleges that the statements of several witnesses were fabricated; thus, it is unclear whether Wright's purportedly false statement was used to obtain Plaintiff's conviction. A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. Because the Court cannot draw the reasonable inference that Mahoney is liable for violating Plaintiff's due process rights by fabricating evidence, the Court finds that the amended complaint fails to state a fabrication-of-evidence due process claim against him, so it is dismissed.

For essentially the same reasons upon which the Court based its ruling as to Mahoney, the Court arrives at the same conclusion with respect to the fabrication-of-evidence claim against Brzezniak. Looking closely at the allegations, Plaintiff does not allege that Brzezniak participated in fabricating Wright's statement. Indeed, Plaintiff alleges only that Brzezniak "was *present* for the entirety of Wright's *official* statement to ensure that he did not recant and tell the truth." (Am. Compl., Dkt. # 54, ¶ 33) (emphasis added). There simply is no basis on which the Court can infer that Brzezniak "was an active participant in coercing Maurice Wright's fabricated statement," as Plaintiff contends in his response to the motion to dismiss. (Pl.'s Resp., Dkt. # 64, at 6.) Moreover, as already discussed, Plaintiff expressly alleges that he was arrested prior to Wright's giving a statement, so it could not have been used as probable cause for Plaintiff's arrest. Plaintiff's general allegations regarding Brzezniak's purported involvement in other false statements and reports further do not support a finding that Plaintiff has stated a due process claim; Plaintiff does not allege when those purported false statements were allegedly taken or created nor that they were used to deprive Plaintiff of his liberty. Therefore, Brzezniak's motion to dismiss this claim is granted.

<u>Due Process under *Brady*</u>. Mahoney also moves to dismiss the claim that he violated Plaintiff's due process rights under *Brady v. Maryland,* 373 U.S. 83 (1963). "A *Brady* violation occurs when the government fails to disclose evidence materially favorable to the accused." *Mosley v. City of Chi.,* 614 F.3d 391, 397 (7th Cir. 2010). Mahoney argues that the amended complaint fails to state a valid *Brady* claim against him. Because Plaintiff fails to address these arguments in his response, the Court considers Plaintiff to have waived this claim. *Smoler v. Bd. of Educ. for W. Northfield Sch. Dist. # 31*, 524 F. Supp. 3d 794, 803-04 (N.D. Ill. 2021) ("[Plaintiff] makes no attempt to address this basis for dismissal in her response, and as such, she

5

has forfeited this claim and has abandoned any argument against dismissing it."). The motion to dismiss the *Brady* claim is granted.

Unlawful Detention. As to the Fourth Amendment unlawful detention claim against Mahoney and Brzezniak, "[t]he Supreme Court [has] held . . . that claims of unlawful pretrial detention, including claims of pretrial detention based on fabricated evidence, sound in the Fourth Amendment." *Artman v. Gualandri*, No. 20 C 4501, 2021 WL 2254961, at *3 (N.D. Ill. June 3, 2021). "To bring a claim for violation of the Fourth Amendment . . . , courts have set forth the following elements: 'the defendant[s] (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor.'" *Id*. (citation omitted). As previously stated, Plaintiff has not sufficiently alleged facts supporting a conclusion that Wright's or any other witness' purportedly false statements, which Mahoney and Brzezniak allegedly obtained, were used to establish probable cause for Plaintiff's detention. Therefore, the unlawful detention claim is dismissed.

Conspiracy. With respect to the conspiracy claim as to both Mahoney and Brzezniak, "'it is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with.'" *Jackson v. Vartanian*, No. 20 C 1148, 2021 WL 4523072, at *3 (E.D. Wis. Oct. 4, 2021) (citation omitted). Nevertheless, threadbare allegations which merely recite that defendants colluded are insufficient to state a claim. *See Wilson v. Rundle*, 774 F. App'x 989, 991 (7th Cir. 2019) (stating that the plaintiff's allegation that defendant acted "on behalf of" or "in conjunction with" another defendant "but offered no elaboration except that [the defendant] had not complied with prison procedures" was "simply too conclusory to plead a conspiracy" between the two defendants); *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) ("The complaint in this case, though otherwise detailed, is bereft of any suggestion, beyond a bare conclusion, that the remaining defendants were leagued in a conspiracy with the dismissed defendants.").

Plaintiff's allegations here are equally conclusory:

> 186. Defendant Officers reached an agreement amongst themselves to punish Plaintiff for a crime he did not commit, and to thereby deprive Plaintiff of his Constitutional rights, all as described more fully throughout this Complaint.
> 187. In this manner, Defendants, acting in concert with each other, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.
> 188. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

(Am. Compl., Dkt. # 54, ¶¶ 186-88.) Plaintiff's allegations of conspiracy do not go beyond a mere recitation of the elements of the claim; it thus fails to state a claim as to both Mahoney and Brzezniak.

For the reasons stated above, the Cook County Defendants' motion to dismiss is granted. The Court dismisses with prejudice the claims against Mahoney and Brzezniak alleging a due

process violation based on fabrication of evidence, unlawful pretrial detention, and conspiracy. The Court further dismisses the *Brady* claim against Mahoney. Because the Court is dismissing all the federal claims against Mahoney and Brzezniak, it declines to exercise supplemental jurisdiction over the state-law claims against them. The intentional-infliction-of-emotional-distress and malicious-prosecution claims against Mahoney and Brzezniak are dismissed as is the indemnification claim against Cook County.

**Date:** February 8, 2022

*Ronald A. Guzmán*
**Ronald A. Guzmán**
**United States District Judge**