IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Xavier Walker, | ) |
|     Plaintiff, | ) |
| | )    No. 20 C 7209 |
| v. | ) |
| | )    Judge Ronald A. Guzmán |
| City of Chicago, et al., | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendants' motion to strike [118] is granted.

## STATEMENT

Defendants move to strike 89 new witnesses Plaintiff disclosed on the day fact discovery closed, stating as follows:

> Fact discovery in the case closed on June 30, 2022. The parties agreed to file a joint motion on June 30, 2022 to seek a limited extension of the fact discovery deadline to depose 4 specifically identified witnesses. Those 4 witnesses had been identified since the inception of the case and noticed for deposition or subpoenaed by March 11, 2022. At no time during or prior to these discussions about the limited extension of discovery for these 4 witnesses did Plaintiff mention that he planned to disclose any additional witnesses. While the parties collaborated on drafting and editing the joint motion, Plaintiff never mentioned that he intended to supplement his Rule 26(a) disclosures with any witnesses, nor did he state he intended to seek an extension in discovery beyond the joint motion.
>
> Then, literally on the eve of the discovery cutoff, at 10:44 p.m. on June 30, 2022, Plaintiff served a surprise Fourth Supplemental Rule 26(a) Disclosure listing 89 new witnesses and produced 435 pages of documents purportedly related to these newly disclosed witnesses.

(Joint Mot. & Resp., Dkt. # 118, at 2.)

Defendants ask the Court to strike the 89 witnesses (designated by Plaintiff as witnesses under Federal Rule of Evidence 404(b)), who are apparently police officers Plaintiff identified from CR files that Defendants produced from mid-April to May 31, 2022. According to Defendants, not only is the disclosure late, but it also fails to provide contact information for

these individuals or adequately describe the information the 89 witnesses have to support Plaintiff's claims. Plaintiff's disclosure states for 88 of the witnesses that "telephone and addresses of the witnesses are contained in their respective CR/Log files – 404(b) witnesses," while the disclosure states for one of the witnesses that the individual "has knowledge regarding the defendants' abusive practices." (*Id*. at 3.) According to Defendants, at the Local Rule 37.2 conference, "Plaintiff did not contest that he had notice of these witnesses as early as September 2019, or at the latest by July 2021 when the former County Defendants provided their production compliance." (*Id*.) Defendants state that, at the conference, Plaintiff offered only to narrow his witnesses from 89 to 50. (*Id*.) Defendants argue that the disclosure is late, Plaintiff has offered no reasonable justification for the delay, and Defendants will be prejudiced if the disclosure is not stricken because discovery is closed and they will not have the opportunity to depose the named individuals.

Plaintiff asserts that the disclosures were timely, having come before the close of fact discovery. As to prejudice, Plaintiff states there is none, asserting:

> The defendants contend that they would have deposed the additional witnesses or sought an extension of the discovery deadline but (1) the district court judge explicitly ruled there would be no extension of the discovery deadline and (2) the parties have been held to the deposition list that they filed back in 2021. Furthermore, the vast majority (if not all) of these witnesses have given sworn statements about their experiences either to OPS/IPRA/COPA or at a deposition in their lawsuit.

(*Id*. at 10.)

The Federal Rules of Civil Procedure require each party to disclose "each individual likely to have discoverable information," Fed. R. Civ. P. 26(a)(1)(A), and to supplement their disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26 (e)(1)(a). Additionally, Rule 26(a) requires parties to disclose the name and contact information "of each individual likely to have discoverable information--along with the subjects of that information. . . . " Fed. R. Civ. P. 26(a)(1)(A). "[I]f the failure [to provide information or identify witness as required by Rule 26(a) and (e)] was not substantially justified or harmless, there is no discretion. Exclusion is *mandatory* and *automatic*." *G & G Closed Circuit Events, LLC v. Castillo*, 14 C 2073, 2016 WL 3551634, at *6 (N.D. Ill. June 30, 2016) (emphasis in original).

While Plaintiff's disclosures technically were filed approximately 75 minutes before the fact discovery deadline, Plaintiff obviously knew that Defendants would be left without the ability to pursue any further discovery with respect to the named witnesses, unless the Court extended the discovery close date. As another court stated in the face of similarly late disclosures:

> The[] eleventh-hour supplement was, effectively, a Trojan Horse. Whether by design or consequence, it paints the court into a corner in which it has to strike the disclosures or extend the discovery deadline. That tactic is unacceptable.

*Id*. at *7 (footnote omitted).

Moreover, the late disclosures are not harmless because discovery has closed and the Court is unwilling to extend the discovery deadline again. The initial discovery close date was December 2, 2021, almost eight months ago. At the parties' request, on November 3, 2021, the Court extended the deadline to June 30, 2022. The Court recently extended the discovery cut-off date a second time so the parties could take four depositions. Notably, while the parties worked jointly to file a motion to extend the deadline solely for the purpose of taking the four depositions, Defendants state that "[a]t no time during or prior to the[] [parties'] discussions about the limited extension of discovery for these [four] witnesses did Plaintiff mention that he planned to disclose any additional witnesses." Accommodating depositions for the additional 89 (or even 50, Plaintiff's subsequent concession during the Local Rule 37.2 conference) witnesses would easily extend the discovery deadline another 6 months to a year—not an extension the Court will tolerate given its obligation to facilitate an efficient resolution of Plaintiff's claims. Contrary to Plaintiff's argument that no prejudice exists because the Court indicated that it would not extend the discovery deadline and "the parties have been held to the deposition list they filed back in 2021," these points demonstrate why there *is* prejudice. Further, even if the officers provided statements or testimony in other cases, Plaintiff provides no indication that the previous testimony would suffice to address the particular issues in this case.

The Court interprets Plaintiff's position statement as asserting that the late disclosures were justified because he requested the Complaint Registers in June 2021 but did not receive them (approximately 14,000 pages worth) until late spring 2022. But Plaintiff did not request a Local Rule 37.2 conference regarding the CRs until February 2022, never filed a motion to compel regarding the CRs, and did not seek an extension of the discovery schedule given the purported delayed disclosure of the files. The Court finds that Plaintiff's late disclosure of the witnesses was not substantially justified.

For these reasons, the Court grants Defendants' motion to strike [118]; Plaintiff's supplemental disclosure served on June 30, 2022 at 10:44 p.m., which identifies 89 new witnesses, is stricken.

**Date**: July 21, 2022

**Ronald A. Guzmán**
**United States District Judge**