# EXHIBIT 48

```
 1    STATE OF ILLINOIS  )
                         ) SS:
 2    COUNTY OF C O O K  )

 3

 4         IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
              COUNTY DEPARTMENT - CRIMINAL DIVISION
 5

 6
      THE PEOPLE OF THE STATE    )
 7    OF ILLINOIS,               )
                                 ) Criminal
 8              Plaintiff,       )
                                 ) No.  00 CR 20601-01
 9       vs.                     )
                                 )
10    XAVIER WALKER,             )
                                 )
11              Defendant.       )

12

13                    REPORT OF PROCEEDINGS

14         REPORT OF PROCEEDINGS had at the hearing in

15   the above-entitled cause before the Honorable ALFREDO

16   MALDONADO, Judge of said court, on the 17th day of July,

17   2018.

18

19

20

21

22

23

24

                                1
```

Plaintiff Xavier Walker 001310

```
 1    APPEARANCES:

 2

 3

 4         HONORABLE KIMBERLY M. FOXX,
              State's Attorney of Cook County, by:
 5

 6
           MS. CAROL ROGALA and
 7         MR. MARK ROTERT,
              Assistant State's Attorneys,
 8            appeared on behalf of the People;

 9

10         HONORABLE AMY P. CAMPANELLI,
              Public Defender of Cook County, by:
11

12
           MR. HAROLD WINSTON,
13         MR. ROBERT DRIZIN and
           MS. JULIE KOEHLER,
14            Assistant Public Defenders,
              appeared on behalf of the Defendant.
15

16

17

18

19

20

21

22

23   L. B. STONE, CSR
     Official Court Reporter
24   2650 S. California Ave.
     Chicago, Illinois 60608
```

Plaintiff Xavier Walker 001311

```
 1          THE CLERK:  Xavier Walker.
 2          THE COURT:  All right.  Mr. Xavier Walker is
 3   approaching the bench.  He is in the custody of the
 4   Illinois Department of Corrections.
 5                   Good morning.
 6          THE DEFENDANT:  Good morning.
 7          THE COURT:  Counsels, please state your names for
 8   the record.
 9          MR. WINSTON:  Harold Winston, assistant public
10   defender here for Xavier Walker.
11          MR. DRIZIN:  Robert Drizin, D-r-i-z-i-n, assistant
12   public defender, for Mr. Walker.
13          MS. ROGALA:  Goof morning, Judge.  State's Attorney
14   Carol Rogala on behalf of the People.
15          MR. ROTERT:  Good morning, your Honor.  Mark Rotert,
16   R-o-t-e-r-t, Assistant State's Attorney, on behalf of the
17   People.
18          THE COURT:  All right.  Counsel?
19          MS. ROGALA:  Judge, this matter comes before you on
20   a petition for postconviction relief.  In August of 2007,
21   Judge Salone, who was the trial Judge in this case,
22   docketed the instant petition and appointed counsel, the
23   Public Defender's Office.  Our office was asked to
24   conduct a review of the case, which Mr. Rotert was part
```

3

Plaintiff Xavier Walker 001312

```
 1   of.  And based on all of our investigation into the case,
 2   Judge, with allegations of ineffective assistance of
 3   counsel and the failure of counsel to present an alibi
 4   defense, based on our investigation, at this time, we
 5   would withdraw any opposition to Mr. Walker's petition
 6   for postconviction relief.  We believe he has made a
 7   substantial showing that there was a Constitutional
 8   violation in his trial, and we would be in agreement that
 9   he is entitled to a new trial.
10        MR. WINSTON:  Yes, Judge, we've agreed that it's an
11   agreed order that the State has drawn up vacating the
12   conviction and the sentence and granting him a new trial,
13   remanding him to the Cook County Department of
14   Corrections, and we would ask that you sign the order
15   which we'd agreed to.
16        MS. ROGALA:  Judge, the order does contain a space
17   for the next court date, which obviously we haven't
18   filled in yet, so I can present that order once we
19   completed it, and then, Judge, I will notify the Illinois
20   Department of Corrections that this sentence entered on
21   January 11, 2005, of 35 years in the Illinois Department
22   of Corrections will be vacated upon your signing of the
23   order, and I will notify them of that.
24        THE COURT:  And the State's position is based on
```

4

Plaintiff Xavier Walker 001313

1   their review.  Is this the Conviction Integrity Unit?
2       MR. ROTERT:  Your Honor, the Conviction Integrity
3   Unit did a review.  Mr. Winston asked us to take a look
4   at it, and our conclusion was limited to the issues
5   raised in the postconviction petition --
6       THE COURT:  Ineffective assistant of counsel.
7       MR. ROTERT:  Ineffective assistant of counsel claim.
8       THE COURT:  All right.  And that's solely the
9   postconviction petition, the supplemental one I saw it in
10  the file.
11      MR. WINSTON:  That's the main issue, I mean I added
12  two addendums, but that's the key issue.
13      THE COURT:  But that is the issue, and you're in
14  agreement with the -- just so our record is clear.
15      MR. ROTERT:  Your Honor, the record should reflect
16  that the State's in agreement that the 6th Amendment
17  competence of trial counsel issue was such that we
18  withdrew our objection to that petition.
19      THE COURT:  And that sole basis would be sufficient
20  to grant relief?
21      MR. ROTERT:  That's our view, yes, your Honor.
22      THE COURT:  Well, that and I did review the
23  supplemental petition the defense has filed.  On that
24  basis, this is an agreed order, but there is no objection

Plaintiff Xavier Walker 001314

```
 1   to the one basis?
 2       MS. ROGALA:  Correct.
 3       THE COURT:  As to ineffective assistance of counsel
 4   claim, I'm going to grant the relief that's requested.  I
 5   am going to grant the postconviction petition on that
 6   basis and that basis only.  Accordingly, Mr. Walker is
 7   going to have his conviction vacated, and it will be a
 8   new trial, we're back to square one.
 9              So before we move forward, I need to set
10   bond.
11       MS. ROGALA:  Yes, Judge.
12       MR. WINSTON:  Judge, if I may proceed.
13       THE COURT:  Sure.
14       MR. WINSTON:  Judge, we think there are a number of
15   reasons why the bond should be set as low as possible
16   even understanding it is a murder case.
17              First of all, as you know from reading the
18   supplementals, there's considerable evidence of actual
19   innocence here, although we (Inaudible) raised
20   ineffective assistance, the witnesses were available to
21   the attorney and the attorney was informed of it.
22              There's witness Simeon Dorsey, who gave an
23   affidavit and who Mr. Rotert and I interviewed at his
24   home, and he stands by his position, he was with Xavier
```

Plaintiff Xavier Walker 001315

```
 1    all night.  Xavier was never involved in any murder.
 2              There was a person who is now deceased,
 3    Deon Baylock, that gave a similar affidavit earlier when
 4    Xavier filed his petition.
 5              In addition, there is one of his sisters,
 6    Shunralyn Walker, S-h-u-n-r-a-l-y-n, who gave an
 7    affidavit and who was also interviewed by Mr. Rotert and
 8    myself stating that she did not loan her car to Xavier
 9    that night until 1:45 a.m., and the shooting occurred at
10    1:10 a.m.
11              So there's -- and then the only evidence
12    against Xavier at trial really was his video confession
13    of a 19 year old, who had been held for 20 hours.  And we
14    have an affidavit, and Mr. Rotert and I had a phone
15    conversation with a man named Antwoin Waddy, W-a-d-d-y,
16    and Mr. Waddy was present in the police station in the
17    next room.  He heard signs of what might be a beating,
18    and Xavier yelling that he was innocent, that he wasn't
19    with Jovany (phonetic).
20              And also we have an affidavit from Deborah
21    Bedson, the first defense attorney who interviewed him
22    the very next day.
23              And further we have obtained through the
24    persistence of my investigator Alisha Stewart (phonetic)
```

7

Plaintiff Xavier Walker 001316

```
 1    photographs taken in bond court by our office by a man
 2    name Michael Bratton, who is now with the Georgia Police
 3    Department. I furnished copies to the State, and it
 4    shows injuries. And again Mr. Bratton, we would call as
 5    a witness. So that's one thing.
 6              The second thing is Xavier has been given
 7    responsible positions in the prisons where he's most
 8    recently been at. He's currently at Lawrence's
 9    Correction Center. He works in the dietary dock group
10    that unloads food for the prison, and he's done that for
11    almost a year. Before that, he was at Menard, and he
12    worked in the officer kitchen making food for officers.
13              In addition, and I furnished this to the
14    State, I'm tendering copies of certificates Xavier has
15    earned in prison. Certificate, the first one from 2014
16    is a certificate in paralegal studies with distinction
17    from a Black Stone Career Institute.
18              The second one is that he completed a
19    course in Menard in 2015, the Impact of Crimes on
20    Victims.
21              The third one is a certificate about a
22    72-hour short course in Christianity at Lawrence, and
23    that was in 2017.
24              The next one is also from Lawrence, a
```

Plaintiff Xavier Walker 001317

    1    certificate of recognition of participation in something

    2    called Freedom God's Way from Prison to the Promise Land,

    3    and that was in June of 2017.

    4          There was also a certificate from Lawrence

    5    from January of 2017 for successfully completing an anger

    6    management program.

    7          And there's one other certificate as well.

    8          His parents live in Chicago.  He's

    9    38 years old.  His parents have been good about coming to

   10    court.  The father has heart disease problem and COPD

   11    problem, which is a lung disease.

   12          And, Judge, for all these reasons, we

   13    believe he's deserving of a very low bond, if not, an I

   14    bond with EMI, and something like a 5,000 D bond.  And we

   15    think the evidence supports that.

   16       THE COURT:  State --

   17       MR. WINSTON:  I also would tender, which I've given

   18    the State, a copy of the order allowing the photographs

   19    be taken from Bond Court by our office.  Unfortunately

   20    the trial lawyer who did the case never got the

   21    photographs, never got the order.

   22       MS. ROGALA:  Judge, this case arose out of an

   23    incident that happened May 13 of 2000 approximately 1:00

   24    o'clock in the morning in the 4700 block of West Ohio in

Plaintiff Xavier Walker 001318

```
 1   Chicago, Cook County, Illinois.  Marek, M-a-r-e-k,
 2   Majdak, M-a-j-d-a-k, was driving in that area essentially
 3   made a wrong turn, he was new to Chicago having recently
 4   came from Poland.  He was stopped, and the petitioner and
 5   a codefendant Travony Long (phonetic) approached his car,
 6   and Mr. Long entered the car, there was an altercation
 7   between Mr. Long and Mr. Majdak.  Mr. Majdak was then
 8   shot twice and died as a result of his wounds.
 9   Mr. Walker -- the petitioner -- Mr. Walker, I just loss
10   my technology Judge, I apologize.
11        THE COURT:  Take your time.
12              (Whereupon there was a short pause in
13               the proceedings).
14        MS. ROGALA:  I apologize, Judge.  This is why
15   technology and I are not friends.
16              All right.  Judge, on May 25, the police
17   received information that Mr. Long and Mr. Walker were
18   involved in the shooting that led to Mr. Majdak's death.
19   They interviewed other witnesses, and petitioner was
20   brought into custody where he made the videotaped
21   statement that Mr. Winston mentioned to you.
22              Judge, we believe that Mr. Walker's
23   actions both before, during, and after the shooting in
24   this case makes him accountable for this case, and we
```

Plaintiff Xavier Walker 001319

```
 1    believe that the proof here is evident and the
 2    presumption great that he is accountable for the murder
 3    of Majdak -- Mr. Majdak.
 4                 The original bond set in this case, Judge,
 5    back in 2000 was $850,000 D.  Many of the certificates
 6    that counsel has offered to you while relevant to
 7    sentence -- possibly to sentencing, don't go to his
 8    ability to appear in court, which is the purpose of
 9    setting bond.
10                 We believe, Judge, that based on all of
11    the circumstances in this case, that a bond far in excess
12    of $5,000 D is appropriate.  This is a murder case, and
13    Mr. Walker's presence is required on each and every court
14    date.
15                 So, Judge, we would be asking for a
16    significant bond commensurate with the crime of which he
17    stands charged.
18         THE COURT:  And the sentencing range is -- this was
19    a murder with a firearm, right?
20         MS. ROGALA:  It is a murder with a firearm, and
21    truth in sentencing does apply.
22         THE COURT:  Does apply here.  This happened in 2000.
23         MS. ROGALA:  It happened in 2000.
24         MS. WINSTON:  2000.  He got 35 years, originally the
```

11

Plaintiff Xavier Walker 001320

```
 1   minimum sentence for both was 20, and then the 15 because
 2   Travony Long had a firearm.
 3              Again our position simply Xavier wasn't
 4   there, and I forgot to mention he did earn a GED in
 5   prison, which is one of the exhibits I've tendered.
 6        THE COURT:  I understand.  All right.  So I did
 7   grant -- I granted your request based on the State's
 8   investigation.  I did not object as to the 6th Amendment,
 9   ineffective assistance of counsel claim.  Mr. Walker is
10   back to square one.
11              I've listened to the proffer made by the
12   defense and the State's position as well.
13              I know that your request is 5,000 D or I
14   bond?
15        MS. WINSTON:  Yes, an I bond, of course.
16        THE COURT:  I know the bond was 800 --
17        MS. ROGALA:  Eight hundred and fifty.
18        THE COURT:  Eight hundred fifty thousand D back in
19   2000, that was a bond that would have been ordinary under
20   that bond rubric.  I don't find that the defense's
21   request is sufficient to have -- the purposes of bond,
22   which is one, to insure Mr. Walker's presence in court,
23   but also to safeguard the public's -- to safeguard the
24   public here.
```

12

Plaintiff Xavier Walker 001321

```
 1                    The problem is 850,000 D is really the
 2    equivalent to the no bail hold.  And as far as what
 3    Illinois is moving towards, it having some sort of
 4    realistic or actual honest bonds.
 5                    At this point what I'm going to do is I'm
 6    going to set no bond because $850,000 is a kin to no
 7    bond.  You could always revisit.  I have no issue with
 8    request to revisit bond.  But under the circumstances, I
 9    don't find that your request, the defense's request is a
10    sufficient pretrial measure.  So it will be no bail.
11         MS. WINSTON:  Thank you, your Honor.
12         THE COURT:  All right.  Like I said I will entertain
13    a request for bond and especially in a no bond situation.
14    All right.  So.
15         MS. WINSTON:  Can I suggest August 15 as our next
16    court date?
17         THE COURT:  August 15?
18         MS. ROGALA:  Miss Koehler, is that date convenient
19    to you?
20         MS. KOEHLER:  I'm on trial on that date, but I
21    discussed this with Mr. Winston and he's able to come in
22    that day.  I think it's just for me to get discovery.
23         MS. ROGALA:  And, Judge, I will notify Miss Ravin of
24    that date.
```

13

Plaintiff Xavier Walker 001322

```
 1          THE COURT:  All right.  August 15, status.  Is that
 2    by agreement?
 3          MS. KOEHLER:  Yes.
 4          MS. WINSTON:  Yes.
 5          THE COURT:  All right.  August 15 for status on
 6    discovery.  All right.
 7                 And so Mr. Walker is going to be remanded
 8    to the Cook County Department of Corrections.
 9                 Anything else?
10          MS. ROGALA:  Judge, I'm just filling in the date in
11    the order for your signature.
12          THE COURT:  Here's your order back.
13          MS. WINSTON:  Thank you, Judge.
14          THE COURT:  All right.  August 15.
15                         (WHICH WERE ALL THE PROCEEDINGS HAD
16                          AT THE HEARING OF THE ABOVE-ENTITLED
17                          CAUSE)
18
19
20
21
22
23
24
```

                                   14

Plaintiff Xavier Walker 001323

```
 1
 2          IN THE CIRCUIT COURT OF THE COOK JUDICIAL CIRCUIT
 3                      COOK COUNTY, ILLINOIS
 4              I, LINDA B. STONE, an Official Court
 5   Reporter for the Circuit Court of Cook County, County
 6   Department-Criminal Division, do hereby certify that I
 7   reported in shorthand the report of the proceedings had
 8   in the above-entitled cause; that I thereafter caused the
 9   foregoing to be transcribed into computation, which I
10   hereby certify to be a true and accurate transcript of
11   the proceedings had before the Honorable ALFREDO
12   MALDONADO, Judge of said court.
13
14
15                              _____
                                     LINDA B. STONE
16                              Official Court Reporter
17
18
19
20
21
22
23   Dated this 18th
24   of September, 2018.
```

15

Plaintiff Xavier Walker 001324