# EXHIBIT 55

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| XAVIER WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20 CV 7209 |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Judge GUZMAN |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S ANSWER TO DEFENDANT THOM MICHAEL
PIETRYLA'S FIRST SET OF INTERROGATORIES**

NOW COMES the Plaintiff, XAVIER WALKER, by and through his counsel,

SAMUELS & ASSOCIATES, LTD., pursuant to Fed. R. Civ. P. 33, providing his Answers

to the Interrogatories of the Defendant, MICHAEL PIETRYLA, as follows:

**INTERROGATORY NO. 1:**
List the names, addresses, and telephone numbers of all persons who have knowledge of any facts relating to the occurrence(s) forming the basis for Plaintiff's Complaint and/or any injuries sought thereunder, the relationship of that person to the Plaintiff, and the precise subjects on which said persons have knowledge.

**RESPONSE: Plaintiff's Rule 26(a) disclosures.**

**INTERROGATORY NO. 2:**
State your full name, date and place of birth, social security number, driver's license number, your marital status and date of said marriage, the name of your spouse or partner, present residential address, and all past residential addresses you have had within ten years preceding May 29, 2000 to the present, and if you have been known by any other name or whether you have given anyone another name for any purpose, please state all names by which you have been known, including nicknames, the dates of use of each such name, and the reasons for any change or use of such name.

**RESPONSE: Plaintiff objects that this interrogatory is overly broad in terms of scope and seeks private, personal, protected information. Subject thereto, and without waiving said objections, Plaintiff states: Xavier Laroy Walker; Chicago, IL;** ▮

1

███████  **Married since 2020 to Lijonas Sturghil; 5431 W. Potomac, Chicago, Illinois; some people refer to me as Zay, which is short for Xavier.**

**INTERROGATORY NO. 3:**
Identify the names and addresses of educational institutions you attended, dates of attendance, degrees, certifications or diplomas received (if any) from each institution, when received, and whether you were ever the subject of discipline at any of these institutions. If there was discipline from any institution, please describe the subject of the discipline, date of discipline and final result of the disciplinary action.

**RESPONSE: I attended high school at Orr for my freshman year; Crane for a day; and Austin. I was eventually kicked out of Austin for poor attendance. While incarcerated I have received numerous certifications, some of which have been produced and include by Graduation Equivalency Degree, Paralegal Certification, Hospice Certificate, Victim Impact Training, House of Healing and Winners Inner Circle. Since my release, I attended OAI training and received 11 different certifications. Investigation continues.**

**INTERROGATORY NO. 4:**
Describe in detail and in chronological order each occupation, job, or other source of income you had (legal or otherwise) from five years prior to May 29, 2000 to present, including any employment, whether paid or unpaid during your incarceration, and with respect to each such occupation, job, or other source of income, state the nature and general duties of such occupation, job, or source of income, the name and address of the occupation, job, or provider of such source of income, the date of commencement and termination of such occupation, job, or other source of income, and the rate of compensation (or total compensation earned) for each such occupation, job, or other source of income.

**RESPONSE: While incarcerated, I worked various job. Since my release:**
- **Rainbow Cleaning & Maid**
  - **December 2019-Febrary 2020**
  - **$19/hour – as needed**
  - **Shoveling slow**
  - **Supervisor: Beatrice**
- **Koch Foods, Inc.**
  - **Feb. 2020-August 2020**
  - **Originally $13.75, then promoted to $14.25/hour – full time**
  - **Repack, machine operator**
  - **Supervisor: Carlos**
- **Alpha Baker**
  - **Aug. 2020-May 2021**
  - **$16/hour, then promoted to $17/hour – full time**
  - **Supervisor: Amanda**

2

- **Walker Family Values**
    - **Landscaping, maintenance, and construction business**
    - **Owner**
    - **Payment is per contract**

**INTERROGATORY NO. 5:**
Have you ever been convicted of: (1) any felony; or (2) a misdemeanor? If so, state the nature thereof, the date of the conviction, the court and the caption in which the conviction occurred and the date of release from custody, including dates of parole or mandatory supervised release. For the purpose of this interrogatory, a plea of guilty or finding of guilty shall be considered a conviction.

**ANSWER: Plaintiff objects that this interrogatory is overly broad in terms of time and scope and only meant to annoy, harass, and embarrass. Subject thereto, and without waiving said objections, Plaintiff states: In the last 10 years I have not been convicted of a felony or a crime involving dishonesty.**

**INTERROGATORY NO. 6:**
Have you ever been arrested or in custody for any crime prior to May 29, 2000 (including any traffic offenses or ordinance violations)? If so, state:

    (a)    The date and location of any such arrest or occurrence;
    (b)    The charges placed, if any;
    (c)    The name and location of each court where you were prosecuted; (d) The court file and/or docket number;
    (e)    The disposition of any such arrest or occurrence, including any and all fines or sentences imposed; and
    (f)    The name and address of any attorneys who represented you.

**ANSWER: Plaintiff objects that this interrogatory is overly broad in terms of time and scope and only meant to annoy, harass, and embarrass. Subject thereto, and without waiving said objections, Plaintiff states: In the last 10 years I have not been convicted of a felony or a crime involving dishonesty.**

**INTERROGATORY NO. 7:**
Have you ever been arrested or in custody for any crime since your release from custody on December 11, 2019 (including any traffic offenses or ordinance violations)? Is so, state:

    (a)    The date and location of any such arrest or occurrence;
    (b)    The charges placed, if any;
    (c)    The name and location of each court where you were prosecuted;
    (d)    The court file and/or docket number;

Doc ID: efa8e197b513b1fc84bbdd66212d5cc1a26da9b8

(e) The disposition of any such arrest or occurrence, including any and all fines or sentences imposed; and
(f) The name and address of any attorneys who represented you.

**ANSWER: Plaintiff objects that this interrogatory is overly broad in terms of time and scope and only meant to annoy, harass, and embarrass. Subject thereto, and without waiving said objections, Plaintiff states: In the last 10 years I have not been convicted of a felony or a crime involving dishonesty.**

### INTERROGATORY NO. 8:
Please provide the dates prior to and including May 29, 2000, for each occasion that you were imprisoned, incarcerated, or jailed, the name of the facility of such confinement, the underlying charge or conviction for which such confinement related, the date and time of release from confinement, and the names of any person(s) with whom you shared a cell, including the dates during which you shared a cell with said person(s).

**ANSWER: Plaintiff objects that this interrogatory is overly broad in terms of time and scope and only meant to annoy, harass, and embarrass. Subject thereto, and without waiving said objections, Plaintiff states: Vandalia and Bootcamp. I do not recall specific dates.**

### INTERROGATORY NO. 9:
Identify the name of the jail or correctional facility where you confined after May 29, 2000, including the dates during which you were confined at each jail or correctional facility, and provide

**RESPONSE: I was at Cook County Jail, Stateville/NRC, Pontiac, Lawrence and Menard Correctional Center. I do not recall the specific dates that I was in each institution.**

### INTERROGATORY NO. 11:
Are you claiming any physical, medical, psychiatric, psychological and/or emotional injuries as a result of the occurrence(s) alleged in Plaintiff's Complaint? If so, state:

(a) The name and nature of any physical, medical, psychiatric, psychological and/or emotional injury claimed;
(b) The name and address of each psychiatrist, physician, psychologist, therapist, counselor or other health care professional rendering treatment for such injury;
(c) The date(s) of treatment for such injury.
(d) Whether you had sought treatment for and/or been diagnosed with any physical, medical, psychiatric, psychological, or emotional condition(s) prior to May 29, 2000;

Doc ID: efa8e197b513b1fc84bbdd66212d5cc1a26da9b8

    (e)    If (d) is in the affirmative, the date on which such treatment was sought and/or diagnosed, the nature of any such treatment and/or diagnosis, and the name and address of each psychiatrist, physician, psychologist, therapist, counselor, social worker, association or other health care professional rendering treatment for such conditions.

**ANSWER: Yes. While I was wrongfully incarcerated, I was pushed over the top of the Gallery and landed on my back. This occurred din 2000 or 2001 at Cook County Jail. I was hospitalized for a period of time and still suffer from back pain, spasms, and a pinched nerve as a result of that incident. I am lucky to be alive and able to walk. I was also stabbed during a prison right in the left arm. I was treated in the dispensary and still have a visible scar from it. As a result of my wrongful incarceration, I have found it difficult to reintegrate back into society. If I go out somewhere, I constantly find myself watching the door; I still get into the shower with my boxers on and sometimes even flipflops. I am overly cautious/paranoid of my surroundings. I find it hard to trust others and I often have difficulty sleeping. When I am awake I have anxious thoughts and feel like I am "stuck." I suffer from a tremendous amount of survivor's remorse/guilt. I picked up the terrible habit of smoking cigarettes to help deal with the stress of my wrongful incarceration and now I am addicted and cannot stop. I am also depressed. Once the charges against me were dismissed, I tried to get help with the Chicago Torture Justice Center but after a few times it was difficult to maintain the relationship. I currently treat with Pastor Paul Shanks and Dr. Zowee Jamison-Shanks (1-615-800-1692). Prior to this incident, I had never suffered any psychiatric, psychological and/or emotional injury.**

**INTERROGATORY NO. 12:**
Identify each and every doctor, psychologist, therapist, hospital, clinic, counselor, social worker, association, or other health care professional, medical facility, or entity at which or by whom Plaintiff was treated, counseled, diagnosed, examined or otherwise provided assistance for any medical, mental, psychological, emotional, or physical condition between January 1995 and the present, including the name, address, and telephone number of each such person or entity, and a description of the nature of the person's or entity's business or practice. In addition, for each such person or entity, state the date (and/or period of time) on or during which Plaintiff received such treatment, counseling, diagnosis, examination, or other assistance, and describe the nature of that treatment, counseling, diagnosis, examination, or other assistance.

**ANSWER: Plaintiff objects that this interrogatory is overly broad in terms of time and scope and, therefore, not proportionate to the needs of the case. Subject thereto, and without waiving said objections, Plaintiff states: Prior to my incarceration I had not suffered any serious mental or physical disability. While incarcerated, I treated with the physicians provided by the institutions. Since my release, I have not had any serious physical injuries related to the incident. Once the charges against me were dismissed, I tried to get help with the Chicago Torture Justice Center but after a**

5

Doc ID: efa8e197b513b1fc84bbdd66212d5cc1a26da9b8

few times it was difficult to maintain the relationship. I currently treat with Pastor Paul Shanks and Dr. Zowee Jamison-Shanks (1-615-800-1692).

**INTERROGATORY NO. 13:**
Describe in detail and quantify any and all damages/injuries for which you seek recovery in this suit. In so doing, provide any and all calculations thereof and provide any and all documents supporting such calculations pursuant to Fed. R. Civ. P. 34.

**ANSWER: Physical and emotional pain and suffering, interference with a normal life, the reasonable value of medical care and supplies that he is certain to need in the future, and lost earning capacity. These damages have been incurred during the 20 years that I was falsely incarcerated.**

**INTERROGATORY NO. 14:**
Are you presently taking any drugs or prescriptions for a condition resulting from the incidents alleged in your Complaint. If so, please state the nature of such drug or prescription, and the full name and address of the doctor prescribing it.

**ANSWER: No.**

**INTERROGATORY NO. 15:**
State whether you have ever been a member of (or affiliated with) any street, jail, or prison gang. If so, identify the name of any such gang and/or organization, the date of each membership/affiliation, your rank or position(s) within the gang and/or organization, and your duties and/or responsibilities relative to the gang and/or organization.

**ANSWER: No. There were a lot of gang members in the neighborhood where I grew up.**

**INTERROGATORY NO. 16:**
Describe in detail with specific references to time your movements and exact whereabouts between midnight. on May 12, 2000 and midnight on May 14, 200. In so doing, identify each and every person you spoke to or otherwise interacted with during such period of time (including persons with whom you were with at the time of your arrest), any addresses, businesses, or agencies at which you were present at any time during said period, the means or method by which you traveled during said period of time (vehicle, bus, elevated train, etc.), whether you were working during the above listed dates and times, including where and with whom you were working and what job you were performing for what pay, and your general activities during the above-listed time period.

**ANSWER:** *See* **CIU Walker Video.**

Doc ID: efa8e197b513b1fc84bbdd66212d5cc1a26da9b8

**INTERROGATORY NO. 17:**
Describe in detail with specific references to time your movements and exact whereabouts between 8:00 a.m. on May 28, 2000 to the time of your arrest on May 29, 2000. In so doing, identify each and every person you spoke to or otherwise interacted with during such period of time (including persons with whom you were with at the time of your arrest), any addresses, businesses, or agencies at which you were present at any time during said period, the means or method by which you traveled during said period of time (vehicle, bus, elevated train, etc.), whether you were working during the above listed dates and times, including where and with whom you were working and what job you were performing for what pay, and your general activities during the above-listed time period.

**ANSWER:** *See* **CIU Walker Video.**

**INTERROGATORY NO. 18:**
Describe in detail any and all communications of any type you have had with any Cook County Assistant State's Attorney(s) or any Assistant Illinois Attorney General(s) or anyone affiliated with the Cook County Assistant State Attorney(s) or Illinois Attorney General Office relating in any way to the murder of Marek Majdak as alleged in your Complaint. In so doing, identify any such Cook County Assistant State's Attorney or Assistant Illinois Attorney General(s) (by name, description, etc.), identify the date, time, and place of any such communication, and provide a comprehensive description of everything said to you and everything said by you during such communication(s).

**ANSWER: I filed a post-conviction and a claim with the conviction integrity unit. Various state's attorney's worked on my case as a result. Upon information and belief, at one time I wrote the attorney general's office asking for assistance because I was wrongfully convicted. They did not help me.**

**INTERROGATORY NO. 19:**
If it is your position that you were not present at the time that Marek Majdak was murdered on May 13, 2000, then please state with specificity every fact and identify every witness on whose testimony you may rely to support your position that you were not present when Marek Majdak was murdered.

**ANSWER: All affidavits and statements produced during my post-conviction petition and conviction integrity unit investigation, also my certificate of innocence.**

**INTERROGATORY NO. 20:**
Is it your contention that one or more of the Defendant Officers used unreasonable force on you from the time of your arrest on May 29, 2000 until your videotaped confession on May 29, 2000? If so, describe each and every action taken by each such Defendant officer that you claim comprised the use of unreasonable force, the particular injury suffered by you, if any, as a result of each such action by each such Officer, when and where the

Doc ID: efa8e197b513b1fc84bbdd66212d5cc1a26da9b8

injury was inflicted, any witnesses who saw unreasonable force being used against you by any Defendant Officer and any witnesses who may have seen the injuries inflicted upon you by any Defendant Officer. This answer should include, but should not be limited to, specifically identifying which of the Defendants Officers Plaintiff alleges were physically violent with Plaintiff.

**ANSWER: Plaintiff objects that this interrogatory seeks a narrative answer more appropriately the subject of a deposition. Subject thereto, and without waiving said objections, Plaintiff states: see my statements made to FDLA, at the motion to suppress hearing, my affidavits and statements given to IPRA and TIRC, my affidavits and fillings in support of my post-conviction petition and my claim before the conviction integrity unit, also my certificate of innocence.**

**INTERROGATORY NO. 21:**
Describe in detail what conversations, if any, you had from May 13, 2000 up to the time of the start of your criminal trial about the circumstances leading up to your arrest on May 29, 2000 including any alleged threats of physical abuse made by one or more of the Defendant Officers or acts of physical abuse by one or more of the Defendant Officers, with any individual, including your attorney(s), a description of everything said to you and everything said by you during such conversation(s), the date, time and place of any such conversation(s) and identify any witnesses that were present during such conversation(s).

**ANSWER: Plaintiff states he cannot recall every conversation he had during that timeframe.**

**INTERROGATORY NO. 22:**
Describe in detail any and all communications, interactions, relationships, conversations or encounters of any type you have had with any of the Defendant Officers or any Chicago Police Officer occurring prior to May 13, 2000, the nature of such interactions, relationships, conversations or encounters, and the dates of such interactions, relationships, conversations or encounters.

**ANSWER: Plaintiff states he cannot recall every interaction he ever had with a CPD officer.**

**INTERROGATORY NO. 22:**
Describe each and every fact upon which you base the allegation in Paragraphs 162-164 of your Complaint that Defendants withheld exculpatory evidence from Plaintiff and from prosecutors, including but not limited to any facts that support your contention that such evidence was not turned over to the prosecutor or defense.

**ANSWER: Principally, the defendants' history of misconduct, the defendants'**

Doc ID: efa8e197b513b1fc84bbdd66212d5cc1a26da9b8

misconduct in the instant case, and the coerced and fabricated statements of the witnesses in this case. Investigation continues.

**INTERROGATORY NO. 23:**
Describe in detail (and without resort to legal conclusions or reference to your Complaint) each and every piece of exculpatory and/or impeachment evidence that you allege was suppressed by the Chicago Police and/or Defendant Officers upon which you base any claims in the above- entitled matter.

**ANSWER: Principally, the defendants' history of misconduct, the defendants' misconduct in the instant case, and the coerced and fabricated statements of the witnesses in this case. Investigation continues.**

**INTERROGATORY NO. 24:**
Describe in detail (and without resort to legal conclusions or reference to your Complaint) any and all reports and any other evidence that you allege was fabricated by the Chicago Police and/or Defendant Officers upon which you base any claims in the above-entitled matter.

**ANSWER: The investigatory file into the Majdak murder.**

**INTERROGATORY NO. 25:**
Identify all persons, if any, you may call to testify against the Defendant Officers pursuant to Fed.R.Evid 404(B) and for each such person identify:

    (a)    the person's name and last known address and phone number;
    (b)    the nature of the claim or incident involving the person;
    (c)    the date of the claim or incident involving the person;
    (d)    whether you have communicated with the person and the date and time of any such communication(s).

**ANSWER: Plaintiff objects that this interrogatory seeks attorney work product. For a list of known witnesses, see Plaintiff's Rule 26(a) disclosures.**

Dated: 21 August 2021                         Respectfully Submitted,

                                                  **XAVIER WALKER**

                                    By:    /s/Jeanette Samuels
                                                *One of Petitioner's Attorneys*

                                      Jeanette Samuels
                                      SAMUELS & ASSOCIATES, LTD.

Doc ID: efa8e197b513b1fc84bbdd66212d5cc1a26da9b8

3440 S. Cottage Grove Ave, #504
Chicago, Illinois 60616
T: 872-588-8726
F: 872.813.5256
E: sam@chicivilrights.com

Doc ID: efa8e197b513b1fc84bbdd66212d5cc1a26da9b8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| XAVIER WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20 CV 7209 |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Judge GUZMAN |
| | ) | |
| Defendants. | ) | |

## **VERIFICATION**

I, XAVIER WALKER, swear under penalty of perjury that the foregoing answers are true and accurate to the best of my knowledge and **b**elief.

*Xavier L walker*
Xavier Walker

Doc ID: efa8e197b513b1fc84bbdd66212d5cc1a26da9b8