# EXHIBIT 62

STATE OF ILLINOIS )
) SS
COUNTY OF COOK )

308 **FILED**
TIME ___ AM/PM
JAN 2 3 2003
Dorothy Brown
Clerk of the Circuit Court
Criminal Division
Deputy Clerk Signature

IN THE CIRCUIT COURT OF COOK COUNTY
CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS )
)
-vs- ) No. 00-CR-20601
)
JOVANIE LONG )

### MOTION TO SUPPRESS STATEMENTS

Now comes the defendant, JOVANIE LONG, by his attorney, RITA A. FRY, Cook County Public Defender, by JOHN W. CONNIFF, Assistant Public Defender, and moves this Honorable Court to suppress as evidence herein any and all oral or written communications, confessions, statements, or admissions, whether inculpatory or exculpatory, made by the defendant prior to, at the time of, or subsequent to his arrest in the above-entitled cause.

In support of this motion, the defendant states as follows:

1. That the defendant was arrested on August 2, 2000 at or near the vicinity of Area Four.

2. That subsequently the defendant was interrogated at Area4 by law enforcement officials or a person or persons acting on their behalf, including GCSP J. Riordan, 360040; Det. M. Pietryla, #21209; GCSP K. Krofel, #60049.

3. That the statements sought to be suppressed were obtained as a result of psychological and mental coercion illegally directed against the defendant and that such

statements were, therefore, involuntary in violation to the 5th and 14th Amendments to the United States Constitution.

    (A) Defendant turned himself in at Area 4 because police threatened to kill him if they found him. At the time of this interrogation Defendant therefore feared physical abuse from police.

    (B) Defendant was asked if he had anything to say. He replied that he did not. He was left alone for hours.

    (C) When police returned, he was threatened. He was told that if he refused to talk he would be held for an indefinite period of time.

    (D) After being held for 48 hours on Friday, August 4, 2000, Defendant requested a polygraph. On the way to the polygraph examination, police told Defendant that if he passed, police would kill him and make it look like he was killed attempting to escape. Defendant decided not to take the polygraph.

    (E) Defendant had been shown various statements for purported witnesses continually from the beginning of his custody on Wednesday, August 2, 2000. Defendant eventually agreed to give a statement in accord with these other statements due to his fear of being injured or killed by police while in custody. Defendant was coached to provide a video statement.

    4. Therefore, that any and all communications, confessions, statements, admissions, or tests executed by the the defendant were elicited in violation of his constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the State of Illinois.

**WHEREFORE**, the defendant prays:

    1. That the Court conduct a pretrial hearing to determine if the nature of such statements were voluntary, and;

    2. That this Court suppress as evidence herein any and all communications, confessions, statements, admissions, gestures, or tests, inculpatory or exculpatory, written or

BS002136

Illinois Torture Inquiry and Relief Commission 098

oral, made by him at the time of and/or subsequent to him being taken into custody.

Respectfully submitted,

RITA A. FRY
Public Defender of Cook County

BY: JOHN W. CONNIFF
Assistant Public Defender    30295

3

BS002137

Illinois Torture Inquiry and Relief Commission 099